UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

COLONEL A. ADAMS,

                Plaintiff,

  -v-

WARNER BROTHERS PICTURES
NETWORK; and CASTLE ROCK
ENTERTAINMENT; and DISCOVERY
OR SCIENCE CHANNEL NETWORK;
DVICE NUVA; DAYTONA ELEVATOR;
MCKINLEY ELEVATOR; PNEUMATICS
VACUUM ELEVATORS LLC; INDIANA
ELEVATOR, INC.; ENGADGET PNEUMATIC
VACUUM ELEVATOR; and BATCH/
CONTINUOUS PNEUMATIC ELEVATOR;

                Defendants.
--------------------------------------------------------------x

**ORDER**
09-CV-4000 (SLT)(LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 0 7 2009
P.M.
TIME A.M.

TOWNES, United States District Judge.

      This Order addresses plaintiff's submissions after this case was closed on September 24, 2009: an amended complaint filed on September 24, 2009 and his motion for reconsideration filed October 1, 2009.

**I. Amended Complaint**

      Plaintiff filed this action on September 8, 2009. By Order and Judgment dated September 23, 2009, the action was dismissed. Judgment was entered on September 24, 2009. Also, on September 24, 2009, plaintiff's amended complaint was docketed in this action.[1] Exhibits were filed by plaintiff on September 25, 2009. Although the Court was not aware of the amended complaint or the exhibits when it entered its dismissal, it has reviewed them now and the Court's

---

[1] Although initially received by the Court on September 16, 2009, it was returned by the Clerk of Court to plaintiff because it did not contain a docket number. Once provided, the amended complaint was docketed.



conclusion is not altered.

## II. Motion for Reconsideration

By motion filed October 1, 2009, plaintiff seeks reconsideration of the dismissal of the action and permission to file an amended complaint. For the reasons set forth below, the motion is denied.

### A. Standard for Reconsideration

A motion to reconsider "is to be treated as a Rule 59(e) motion if filed within ten days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993). Here, the motion was filed October 1, 2009, within ten days of entry of the challenged Judgment dismissing the action and will be construed as a motion for reconsideration pursuant to Rule 59(e).

The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." Herschaft v. N.Y. City Campaign Fin. Bd., 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Id. at 284 (internal quotation marks omitted); see also Shrader v. CSX Transp. Inc., 70 F.3d 255 (2d Cir. 1995); Local Civil Rule 6.3. District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. Commercial Union Ins.Co. v. Blue Water Yacht Club Ass'n, 289 F. Supp. 2d 337, 340 (E.D.N.Y. 2003). Consequently, a motion to reconsider should not be granted where a moving party seeks solely to re-litigate an issue already decided. Shrader, 70 F.3d at 257.

Plaintiff argues that the instant action raised "defendants['] new infringement." Motion at 2. His argument is essentially that the previous defendants have committed new infringements by producing more shows and products utilizing his design, and that the new defendants have also infringed on his copyright by building pneumatic elevators for commercial and private buildings.

### B. Claims Against Defendants Named in Previous Action

Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action. See Allen v. McCurry, 449 U.S. 90, 94 (1980); Jorgensen v. Sony BMG Music Entm't, 310 Fed.Appx. 419 (2d Cir. 2008) ("We hold that the district court properly found that the doctrine of *res judicata* barred Jorgensen's copyright infringement suit against Sony BMG because the prior lawsuit, which was decided on its merits, and the instant complaint involve the same factual allegations, legal theories and parties.")(citing Corbett v. MacDonald Moving Servs., Inc., 124 F.3d 82, 87-88 (2d Cir. 1997)). *Res judicata* applies when: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. Monahan v. N.Y. City Dep't of Corrs., 214 F.3d 275, 284 (2d Cir.2000).

While a prior judgment, however, "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955), the doctrine of collateral estoppel bars a party from relitigating in a second proceeding an issue of fact or law that was

3

litigated and actually decided in a prior proceeding, if that party had a full and fair opportunity to litigate the issue in the prior proceeding and the decision of the issue was necessary to support a valid and final judgment on the merits. Metromedia Co. v. Fugazy, 983 F.2d 350, 365 (2d Cir.1992).

Plaintiff's previous action, filed November 7, 2005 against Warner Brothers Pictures ("Warner"), Castle Rock Entertainment ("Castle Rock"), and Discovery or Science Channel Network ("Discovery") was dismissed by the Court with prejudice by Order dated July 6, 2007. Adams v. Warner Brothers Pictures Network et al., 05-CV-5211 (SLT)(LB). In dismissing the action, the Court found that plaintiff could neither show that defendants copied his design nor that there was a substantial similarity between his design and the motion picture or episode as required to state a claim for copyright infringement. Plaintiff's motion for reconsideration, filed July 6, 2007, was denied by the Court on July 10, 2007, and, by Mandate issued September 8, 2008 by the United States Court of Appeals for the Second Circuit, plaintiff's appeal was dismissed. Certiorari was denied by the United States Supreme Court on December 8, 2008. Adams v. Warner Bros. Pictures Network, 129 S.Ct. 740 (2008).

Dissatisfied with the decisions of the courts, plaintiff simultaneously filed the instant new complaint and a motion for reconsideration in his 2005 action. In both the 2005 and 2009 complaints, the cause of action is based on alleged copyright infringement of a drawing titled Air Trans Shoot Tunnel and Trans Shoot Ship System, ("ATST & TSSS") and plaintiff requests the same relief in both complaints. The facts that plaintiff had to prove in the new complaint are the same as the facts that he had to prove in the 2005 complaint and, thus, the evidence required for both complaints is indistinguishable. Moreover, although plaintiff argues that the current complaint includes new infringements, the factual allegations with respect to the previous

defendants in this complaint are identical to those in the previous complaint. Plaintiff may not litigate the same issues before this Court each time he thinks his design is used again by defendants named in his previous action which was dismissed with prejudice by this Court. Plaintiff had a full and fair opportunity to litigate the issue of whether these defendants infringed on his copyright in the prior proceeding and the decision of the issues raised herein was necessary to support a valid and final judgment on the merits. The motion for reconsideration of the Court's dismissal of these claims on the basis of *res judicata* is denied.

### C. Claims Against New Defendants

In its September 23, 2009 Order, the Court dismissed the claims against the seven new defendants named in this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because the complaint failed to state a claim on which relief may be granted. In the complaint, plaintiff does not state how the other defendants have infringed upon his copyright except to say that they "have built and sold the pneumatic elevator under false pretensive [sic]." Compl. at 7. In his motion for reconsideration, he asserts no facts which would alter the Court's conclusion that he has failed to state a claim of copyright infringement against any of these defendants. His conclusion that the defendants production and/or advertisement of a pneumatic elevator infringes on his drawing, see Affirmation in Support of Motion for Reconsideration at 5, simply does not satisfy the pleading requirements under Rule 8 in a copyright infringement case. Jacobs v. Carnival Corp., No. 06 Civ. 0606, 2009 WL 856637, at *4 (S.D.N.Y. Mar. 25, 2009).

Plaintiff's remaining arguments in his motion repeat his previous claims and do not alter the Court's conclusions stated in its September 23, 2009 Order. As plaintiff has not alleged any facts sufficient to overcome the strict standard for a motion for reconsideration, a standard which is meant to discourage exactly what has transpired here – repetitive arguments on issues that have

already been fully considered by the Court – plaintiff's motion to reconsider the Court's Order dismissing the complaint is DENIED. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall close this case.

SO ORDERED

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
       October  6 , 2009